O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| LORRIE FLORES, | ) | Case No. EDCV 09-1153-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————————— | ) | |

    Plaintiff Lorrie Flores seeks judicial review of the Social Security Commissioner's denial of her application for Supplemental Security Income benefits ("SSI") pursuant to Title XVI of the Social Security Act. For the reasons stated below, the decision of the Commissioner is affirmed.

**I.   Facts and Procedural Background**

    Plaintiff was born on May 10, 1958. She has a high school education and has worked as an assembly worker and fruit sorter. (Administrative Record ("AR") at 116, 129, 132.) Plaintiff filed an application for SSI on December 6, 2005, alleging disability as of

1   April 1, 1984, due to injuries and arthritis on the right side of

2   her body. These injuries were caused by a car accident on the

3   alleged disability date. (AR at 128.) Plaintiff's application was

4   denied initially and upon reconsideration. (AR at 52, 58.) An

5   administrative hearing was held on November 4, 2008, before

6   Administrative Law Judge ("ALJ") Barry S. Brown. Plaintiff was

7   represented by counsel and testified on her own behalf. (AR at 25-

8   41.)

9       ALJ Brown issued an unfavorable decision on April 10, 2009.

10  The ALJ found that Plaintiff had not engaged in substantial gainful

11  activity since the application date of December 6, 2005, and

12  suffered from the following severe impairment: "history of right

13  hip fracture, status post open reduction internal fixation, with

14  removal of internal fixation." (AR at 11.) Plaintiff's severe

15  impairment did not meet the requirements of a listed impairment

16  found in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ

17  concluded that Plaintiff had no past relevant work, but retained

18  the residual functional capacity ("RFC") to perform light work[1]

19  with the following modifications:

20      [L]ifting and/or carrying 10 pounds frequently and 20

21      pounds occasionally; sitting for six hours total in an

22      eight-hour workday; standing and/or walking for six hours

23      total in an 8-hour workday; no squatting, kneeling,

24

25      [1] Light work "involves lifting no more than 20 pounds at a

26  time with frequent lifting or carrying of objects up to 10
    pounds...[A] job is in this category when it requires a good deal

27  of walking or standing, or when it involves sitting most of the
    time with some pushing and pulling of arm or leg controls." 20

28  C.F.R. § 404.1567(b).

1    crouching, crawling, or walking on uneven ground; and []

2    some restriction [in] motion of right hip.

3    (AR at 11.) Finally, the ALJ determined that Plaintiff was not

4    disabled because there were a significant number of jobs in the

5    national and local economy that Plaintiff could perform based on

6    interrogatories propounded to Vocational Expert ("VE") Alan

7    Boroskin and use of the Medical Vocational Guidelines, 20 C.F.R.

8    Part 404, Subpart P, Appendix 2, Rule 201 ("the grids"), as a

9    framework for decision. (AR at 14-15, 235.)

10   The Appeals Council denied review on May 20, 2009, (AR at 1-

11   3), and Plaintiff commenced this action on June 19, 2009. Plaintiff

12   argues the ALJ erred by (1) failing to properly consider a

13   consultative physician's opinion; (2) failing to develop the record

14   regarding Plaintiff's depression; (3) failing to properly consider

15   the severity of Plaintiff's depression; (4) erroneously concluding

16   that Plaintiff can work as a cashier II, photocopy machine

17   operator, and survey worker; and (5) failing to propound a

18   hypothetical to the VE. (Joint Stip. ("JS") at 2-3.) Plaintiff asks

19   the Court to reverse and order an award of benefits, or, in the

20   alternative, remand for further proceedings. The Commissioner

21   requests that the ALJ's decision be affirmed.

22

23   **II.   <u>Standard of Review</u>**

24   Under 42 U.S.C. § 405(g), a district court may review the

25   Commissioner's decision to deny benefits. The Commissioner's

26   decision must be upheld unless "the ALJ's findings are based on

27   legal error or are not supported by substantial evidence in the

28   record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir.

3

1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III. Discussion

### A.   The ALJ Properly Considered the Consultative Examining Physician's Report

Plaintiff contends that the ALJ improperly "ignored without explanation" the opinion of a consultative examining physician, Dr. Bunsri T. Sophon. Specifically, Plaintiff takes issue with the ALJ's rejection of a single functional limitation listed in Dr. Sophon's report: that Plaintiff could "stand and walk for four hours out of an eight hour day." (JS at 3; AR at 223.)

Plaintiff had no medical records for any impairment after 1994, (AR at 230-31), and she underwent two consultative medical examinations related to her application for SSI. On February 7, 2006, Dr. Ibrahim Yashruti conducted an orthopaedic evaluation of

Plaintiff. Dr. Yashruti reviewed Plaintiff's medical records, took a patient history, and conducted a complete orthopaedic examination. His examination revealed a shortening of the right leg by approximately one inch and a right-sided limp, and Plaintiff stated she was unable to walk on toes and heels or squat. (AR at 196-200.) Dr. Yashruti found no abnormalities in Plaintiff's cervical spine, shoulders, elbows, wrists, hands, and feet, and found mildly decreased range of motion in the lumbosacral spine, hips, and knees. Plaintiff's right knee was mildly enlarged. Based on the examination and Plaintiff's history, Dr. Yashruti concluded that Plaintiff could, *inter alia*, stand and walk for six hours out of an eight-hour day, but could not squat, kneel, crouch, or crawl or walk on uneven ground. (AR at 196-200.) On March 6, 2006, a non-examining state agency physician reviewed Plaintiff's medical record and Dr. Yashruti's opinion and adopted it without significant modification. (AR at 211-18.)

Dr. Bunsri T. Sohon conducted Plaintiff's second consultative medical examination. On June 12, 2007, Dr. Sophon reviewed Plaintiff's medical records, took a patient history, and conducted a complete orthopaedic examination. He noted that Plaintiff was able to sit and stand with normal posture, walked with a normal gait, and showed no signs of weakness or difficulty walking on tiptoes and heels. (AR at 221.) Dr. Sophon found no abnormalities in Plaintiff's cervical, thoracic, and lumbar spine. Plaintiff had normal range of motion and no abnormalities in her shoulders, arms, elbows, forearms, wrists, hands, thighs, knees, lower legs, ankles, and feet. Range of motion in Plaintiff's right hip was mildly decreased. Based on the examination and Plaintiff's history, Dr.

5

Sophon concluded that Plaintiff could, *inter alia*, stand and walk for four hours out of an eight-hour day, and could occasionally squat, kneel, climb, and walk on uneven ground. On June 18, 2007, a non-examining state agency physician, Dr. A.S. Wong, reviewed Plaintiff's medical history, including the functional limitation conclusions of Dr. Yashruti and Dr. Sophon. (AR at 226-28.) Dr. Wong concluded that a full range of light work was appropriate based on the medical findings. (AR at 228.)

Plaintiff mischaracterizes the record when she states that the ALJ "ignored without explanation" the opinion of Dr. Sophon. Instead, the ALJ explicitly considered and rejected Dr. Sophon's conclusion that Plaintiff could stand and walk for only four hours out of an eight-hour workday in favor of Dr. Yashruti's opinion that Plaintiff could stand and walk for six hours during an eight-hour workday.[2] (AR at 12-13.) After thoroughly reviewing Dr. Sophon's medical findings, the ALJ concluded that Dr. Sophon's opinion was "overly restrictive in light of [Dr. Sophon's] minimal objective findings." (AR at 13.)

"The ALJ is responsible for resolving conflicts in the medical record." *Carmikle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Meanal v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Here, Dr. Sophon's opinion regarding Plaintiff's ability to

---

[2] The Court notes that neither consultative examining physician opinion is more or less "favorable" to Plaintiff regarding functional limitations. Instead, Dr. Yashruti's opinion contains more functional restrictions on posturals (e.g. squatting), and Dr. Sophon's opinion is more restrictive regarding the amount of time Plaintiff can stand and walk during an eight-hour workday.

1    stand for only four hours was controverted by the opinions of Dr.
2    Yashruti's and the two state agency non-examining physicians. The
3    ALJ was required to resolve that conflict.

4         In order to reject the controverted opinion of an examining
5    physician, an ALJ must provide "specific and legitimate reasons
6    supported by substantial evidence in the record." *Carmickle*, 533
7    F.3d at 1164. In Plaintiff's case, ALJ Brown met his burden. As
8    described above, and specifically discussed in the ALJ's opinion,
9    Dr. Sophon's objective medical findings were limited: Plaintiff had
10   no difficulty and showed no weakness walking and tiptoeing. (AR at
11   13, 219-23.) The orthopaedic examination revealed no abnormalities
12   aside from slight decrease in the range of motion of Plaintiff's
13   right hip. (*Id.*)

14        Despite the fact that Dr. Sophon's objective medical findings
15   were more limited than those found by Dr. Yashruti, Dr. Sophon
16   recommended greater functional restrictions on Plaintiff's ability
17   to stand. The ALJ identified this discrepancy and concluded that
18   Dr. Sophon's limitations were "overly restrictive in light of [his]
19   minimal objective findings." (AR at 13.) This was the same
20   discrepancy identified and conclusion made by Dr. Wong, the non-
21   examining physician who reviewed and interpreted Plaintiff's entire
22   medical record after her consultative examinations. (AR at 226-28.)
23   The ALJ's reasons for rejecting Dr. Sophon's limitations on
24   standing were supported by the record. *See Magallanes v. Bowen*, 881
25   F.2d 747, 751 (9th Cir. 1989) (ALJ can meet burden to reject
26   examining physician opinion by "setting out a detailed and thorough
27   summary of the facts and conflicting clinical evidence, stating his
28   interpretation thereof, and making findings.") (internal citations

1  omitted). The ALJ fulfilled his duty to resolve conflicts in the
2  medical record, and Plaintiff is not entitled to relief on this
3  claim.

4  **B.   The ALJ Properly Developed the Record**

5  Plaintiff argues that the ALJ abrogated his duty to develop
6  the record regarding Plaintiff's testimony that depression
7  "severely" interferes with her life. In the Joint Stipulation,
8  Plaintiff claims that she testified to having "trouble with memory
9  and concentration," which triggered the ALJ's duty to develop the
10 record. (JS at 7 (citing AR at 29-30).) It is important to note
11 that this claim grossly misstates Plaintiff's testimony at the
12 hearing.

13 At the administrative hearing, the ALJ questioned Plaintiff
14 regarding her physical symptoms and then shifted focus to
15 exploration of potential nonexertional limitations:

16 ALJ: [D]o you have a problem with depression?

17 Pl.: Yes.

18 ALJ: Now do you feel you're depressed all of the time, most of
19      the time, or just occasionally?

20 Pl.: I'd say most of the time.

21 ALJ: Does your depression in and of itself interfere with your
22      life severely, moderately, or slightly?

23 Pl.: I'd say severely.

24 ALJ: Do you have any trouble with your memory?

25 Pl.: No.

26 ALJ: Do you have any trouble concentrating?

27 Pl.: No.

28 (AR at 29.) Rather than testifying that she had difficulty with

memory and concentration, Plaintiff unequivocally testified she did not. Upon further questioning by the ALJ, Plaintiff stated that she regularly cares for her personal needs, performs household maintenance and chores, does not socialize, has had thoughts of suicide but has never made an attempt, and has never been in therapy. (AR at 29-30, 33.)

Plaintiff points to no medical evidence of depression, and review of the entire record reveals that none exists. Indeed, Plaintiff's response to the ALJ's questioning is the first mention of depression during the entire disability determination process.

A disability applicant bears the burden of proving disability and must provide medical evidence demonstrating the existence and severity of an alleged impairment. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(c). Nonetheless, an ALJ has a "duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes*, 276 F.3d at 459. An ALJ's duty to augment an existing record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Id*. (citing *Tonapetyen v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). Plaintiff argues that her lone, conclusory statement that depression "severely" interferes with her life triggered this duty, and the ALJ should have, "requested additional treating or examining source records, ordered that the Plaintiff undergo psychological testing, continued the hearing, or kept the record open after the hearing to allow supplementation of the record." (JS at 8.)

Under the circumstances of Plaintiff's case, it was not necessary for the ALJ to take any of the suggested actions. First, by Plaintiff's own admission, there existed no treating or examining source records because Plaintiff never complained of and was not treated for depression. (AR at 33.) Thus, there were no "additional treating or examining source records" for the ALJ to request. Moreover, Plaintiff's counsel declined the ALJ's offer of more time for submission of additional documents, (AR at 26), so the ALJ had no reason to continue the hearing or keep the record open after the hearing closed.

Finally, there was no ambiguity or inadequacy that required the ALJ to order psychological testing because were no conflicting medical findings or ambiguous medical statements regarding the severity or existence of depression. Rather, there simply was no medical evidence suggesting such a mental impairment. *See Orcutt v. Barnhart*, 2005 WL 2387702, at *4 (C.D. Cal. Sept. 27, 2005) ("An ALJ does not fail in her duty to develop the record by not seeking evidence or ordering further examination or consultation regarding a physical or mental impairment if no medical evidence indicates that such an impairment exists."). Plaintiff has never asserted, either at the hearing or in this action, a theory upon which her alleged depression interferes with her ability to work. The ALJ had adequate evidence to evaluate Plaintiff's testimony regarding depression and did not abrogate his duty to develop the record. *See Jimenez v. Astrue*, 2009 WL 2567024, at *4 (C.D. Cal. Aug. 19, 2009) (ALJ not required to order psychiatric testing where no medical evidence existed and first mention of possible mental impairment occurred at administrative hearing); *Grissom v. Astrue,* 2009 WL

1309506, at *5 (C.D. Cal. May 8, 2009) (single reference to possible history of mental health treatment did not trigger duty to further develop record where claimant offered no other evidence of such treatment).

**C.    The ALJ Properly Considered the Severity of Plaintiff's Depression**

Plaintiff argues that the ALJ erroneously concluded that her depression was not severe after she made a "colorable claim that her depression has more than a minimal effect [on] her ability to do basic work activities." (JS at 11.) As with her second argument, Plaintiff misstates the record by claiming to have testified that she has trouble with memory and concentration. (JS at 11 (citing AR at 29-30).) The unambiguous record reveals that she testified to just the opposite. More importantly, Plaintiff's subjective allegations of depression were insufficient to establish the existence of a mental impairment, let alone a severe mental impairment.

"A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms." 20 C.F.R. § 416.908; *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (interpreting regulations and Social Security Rulings and concluding that a disability claimant cannot establish an impairment based upon subjective symptom testimony, alone). As described in detail, above, there is not a scintilla of evidence in Plaintiff's record evidencing objective medical findings of depression. Furthermore, the cases Plaintiff relies on in support of her argument are inapposite because they involve claimants that

1  presented at least some objective medical evidence of impairment.
2  (*See* JS at 11-12.) Plaintiff's conclusory testimony that she
3  suffers from depression that "severely" interferes with her life
4  did not and could not, alone, establish a mental impairment.
5  *Ukolov*, 420 F.3d at 1005-06. Accordingly, the ALJ did not err in
6  finding that Plaintiff did not suffer from a severe mental
7  impairment.

8      **D.   The ALJ Properly Concluded that Plaintiff Can Perform**
9           **Three Specific Jobs After Posing a Complete Hypothetical**
10          **to the VE**

11     In her fourth argument, Plaintiff claims that the ALJ
12  erroneously concluded that she can perform the occupations of
13  cashier II, photocopy machine operator and survey worker because
14  those three jobs require standing in excess of four hours in an
15  eight-hour workday. (JS at 14-15.) In her fifth argument, Plaintiff
16  claims that the ALJ's hypothetical to VE Boroskin had no
17  evidentiary weight because it did not include Plaintiff's "limited
18  ability to only stand and walk for four hours out of an eight-hour
19  day, as set forth above in Issue No. 1." (JS at 16.)

20     Plaintiff's last two arguments are intertwined with and
21  foreclosed by the Court's finding regarding Plaintiff's first claim
22  of error. Each argument depends on a finding by this Court that the
23  ALJ erroneously rejected Dr. Sophon's opinion that Plaintiff can
24  only walk for four hours in an eight-hour workday. As discussed in
25  detail above, the ALJ did not err when he rejected Dr. Sophon's
26  opinion in favor of Dr. Yashruti's opinion that Plaintiff can stand
27  and walk for six hours in an eight-hour workday. Therefore, the
28  ALJ's finding that Plaintiff could work in three jobs requiring

more than four hours of standing did not run afoul of her RFC.

Similarly, although Plaintiff correctly asserts that a VE hypothetical must include all of a claimant's limitations, *Bray v. Comm'r of Soc. Serv.*, 554 F.3d 1219, 1228 (9th Cir. 2009), Plaintiff is not limited to standing for a maximum of four hours in an eight-hour workday. Accordingly, the ALJ did not err by omitting that limitation from the VE hypothetical. *Osenbrook v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) (an ALJ need only include limitations in a hypothetical that are credible and supported by substantial evidence). For these reasons, Plaintiff's her fourth and fifth claims of error do not warrant relief.

**IV.   Conclusion**

For the reasons stated above, the decision of the Commissioner is affirmed.

Dated: January 15, 2010

_____
Marc L. Goldman
United States Magistrate Judge